IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DANA HURSEY,<br><br>        Plaintiff,<br><br>    v.<br><br>MILL TOWN CAPITAL INVESTMENTS LLC and JEREMY BERLIN,<br><br>        Defendant. | Case No.: |

**COMPLAINT AND JURY DEMAND**

The plaintiff Dana Hursey ("Plaintiff"), by his undersigned attorneys, R. Terry Parker, for his complaint against the defendants Milltown Capital Investments LLC and Jeremy Berlin ("Defendants") alleges as follows:

**SUBSTANCE OF THE ACTION**

1.    This is a case of willful copyright infringement in violation of 17 U.S.C. §§ 106(1), 501, and 1202.

2.    Plaintiff seeks compensatory or statutory damages in an amount to be established at trial.

**PARTIES**

3.    Plaintiff is an individual doing business as Dana Hursey Photography with an address at 2750 Highview Avenue, Altadena, California, 91001.

4.    Upon information and belief, the defendant Milltown Capital Investments LLC is a limited liability company organized under the laws of the Commonwealth of Massachusetts

with 100 West Street, Suite 210, Pittsfield, Massachusetts, 012101.

5.      Upon information and belief, the defendant Jeremy Berlin is an individual doing business at 51 Walker Street, Lenox, Massachusetts, 01240.

## JURISDICTION AND VENUE

6.      This is a civil action seeking damages and injunctive relief for copyright infringement under the copyright laws of the United States, and therefore this Court has jurisdiction under 17 U.S.C. § 101 *et seq.*, 28 U.S.C. § 1331 (federal question jurisdiction), and 28 U.S.C. § 1338 (a) (jurisdiction over copyright actions).

7.      Personal jurisdiction over Defendants is proper.  Defendants are conducting business in and committing torts in this state, including without limitation Defendant's copyright infringement, which causes harm in this state and judicial district.

8.      Pursuant to 28 U.S.C. § 1391, venue properly lies in this Court because a substantial part of the events giving rise to the claims herein occurred in this judicial district.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

**A.      Plaintiff's Business**

9.      Plaintiff is a professional photographer based out of California and, through his business Dana Hursey Photography, he creates and licenses photographic images for various uses, including editorial uses.

10.     Plaintiff is renowned for his quirky, vivid and stunning audience-capturing photography.

11.     Among the many exemplary photographs taken by the Plaintiff, Plaintiff is the original author of a photographic image at issue in this case (the "Copyrighted Work"), a copy of which is attached hereto as Exhibit A.  The Copyrighted Work is portrait of the defendant Mr.

Berlin, taken by Plaintiff for publication in a cookbook published by a third-party. Following the photoshoot, Mr. Berlin was offered the opportunity to purchase a license for future use of the Copyrighted Work. Mr. Berlin did not accept the offer of a license.

12. Plaintiff is the exclusive owner of the copyrights in and to the Copyrighted Work.

13. Plaintiff obtained a certificate of registration with the United States Copyright Office for the Copyrighted Work, Certificate for Registration Number VA 2-044-929, a copy of which is attached hereto as Exhibit B.

14. Plaintiff owns all rights, title, and interest, including copyrights, in and to the Copyrighted Work.

**B. Defendant's Unlawful Activities**

15. The defendant Milltown Capital Investments LLC owns and Jeremy Berlin operates certain restaurants and are responsible for the use of the Copyrighted Work at the website theberkshireedge.com ("Infringing Website") where they caused the Copyrighted Work to be used to promote their business and to draw consumers to Defendant's businesses.

16. In June of 2021, Plaintiff discovered the Copyrighted Work being reproduced, distributed, and publicly displayed at the Infringing Website, screenshots of which are attached hereto as Exhibit C.

17. Defendants are directly responsible for the unlawful reproduction, distribution, and derivation of the Copyrighted Work.

18. Defendant's reproduction, distribution, public display, and derivation of Plaintiff's Copyrighted Work are without Plaintiff's authorization.

19. Defendant's unauthorized reproduction, distribution, and derivation of Plaintiff's Copyrighted Work was knowing and willful and in reckless disregard of Plaintiff's rights in that Defendant, a media company well versed in the need to license copyrighted content, knew it did

not have permission to use Plaintiff's Copyrighted Work and deliberately did so anyway. Indeed, Mr. Berlin was offered to purchase a license to use the Copyrighted Work but did not take the license and then used the Copyrighted Work to promote his new restaurant.

## CLAIM FOR RELIEF
### (Direct Copyright Infringement)

20. Plaintiff realleges the above paragraphs and incorporates them by reference as if fully set forth herein.

21. The Copyrighted Work is an original work of authorship, embodying copyrightable subject matter, subject to the full protection of the United States copyright laws.

22. Plaintiff owns all rights, title and interest in and to the copyrights in the Copyrighted Work.

23. By its actions, as alleged above, Defendants have infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. §501, by reproducing, distributing, and causing derivative works to be created from and causing the Copyrighted Work to be publicly displaying displayed.

24. As a direct and proximate result of Defendant's infringement of Plaintiff's exclusive copyrights in the Copyrighted Work, Plaintiff is entitled to recover his actual damages resulting from Defendant's uses of the Copyrighted Work without paying license fees, in an amount to be proven at trial.

25. In addition, at Plaintiff's election, pursuant to 17 U.S.C. § 504(b), Plaintiff shall be entitled to recover damages based on a disgorgement of Defendant's profits from the infringement of the Copyrighted Work, which amounts will be proven at trial.

26. In the alternative, and at Plaintiff's election, Plaintiff is entitled to maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 with respect to the

infringing reproduction, distribution, and public display of the Copyrighted Work, or such other amounts as may be proper under 17 U.S.C. § 504(c).

27. Plaintiff is entitled to his costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment as follows:

1. A declaration that Defendants have infringed, either directly or indirectly, Plaintiff's copyrights in the Copyrighted Work under the Copyright Act;

2. A declaration that such infringement is willful;

3. An award of such of actual damages and profits under 17 U.S.C. § 504(b) as the Court shall deem proper or, at Plaintiff's election, an award of statutory damages as the Court shall deem proper, as provided in 17 U.S.C. §§ 504(c), including damages for willful infringement of up to $150,000 for each copyright infringement of each of the Copyrighted Work;

4. Awarding Plaintiff such exemplary and punitive damages as the Court finds appropriate to deter any future willful infringement;

5. Awarding Plaintiff his costs and disbursements incurred in this action, including his reasonable attorneys' fees, as provided in 17 U.S.C. §§ 505;

6. Awarding Plaintiff interest, including pre-judgment interest, on the foregoing sums;

7. Permanently enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant, from directly or indirectly infringing Plaintiff's copyrights or continuing to market, offer, sell, dispose of, license, lease, transfer, public display,

advertise, reproduce, develop or manufacture any works derived or copied from the Plaintiff's Copyrighted Work or to participate or assist in any such activity; and

8. For such other and further relief as the Court may deem just and proper.

### JURY DEMAND

Plaintiff hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: April 28, 2023

                                         Respectfully submitted,

                                         By: */s/ R. Terry Parker*
                                         R. Terry Parker, Esquire
                                         43 W. 43rd Street, Suite 275
                                         New York, New York 10036-742
                                         Tel: (212) 859-5068
                                         Email: terry@rterryparkerlaw.com

                                         *Attorney for Plaintiff*
                                         *Dana Hursey*